**HAN HE, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–0846–ag.**

United States Court of Appeals, Second Circuit.

Aug. 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Hannah Baublitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, WALKER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Han He, a native and citizen of the People's Republic of China, seeks review of a February 11, 2008 order of the BIA affirming the June 9, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Han He*, No. A 78 867 731 (B.I.A. Feb. 11, 2008), *aff'g* No. A 78 867 731 (Immig. Ct. N.Y. City June 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.[1]

"When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006) (citations, internal quotation marks, and alteration omitted). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, which requires that we treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. First, the IJ properly found that while He testified that his mother had been "taken away" by the family planning authorities in December 1995, his asylum application asserted only that his mother had been threatened with arrest. This was a significant discrepancy, as He's mother's arrest was purportedly the reason why He and his wife emerged from hiding and why He's wife was eventually sterilized. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (noting that an IJ's reasons for rejecting an applicant's testimony must "bear a legitimate nexus to the finding"), *abrogated by* Real ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii).[2] The IJ also properly found that while He testified that he was accosted by family planning officials when he went to the hospital, he did not include this incident in his asylum application. To explain this omission, He asserted that he was unaware that he was required to provide

---

1. We deem He's Falun Gong claim abandoned, as he fails to raise that claim in his brief to this Court. *See, e.g., Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

2. Because He's application was submitted before May 11, 2005, the Real ID Act does not apply to it.

such details in his asylum application. However, although we have found that asylum applicants are not required to list every incident of persecution on their application statements where such statements are written in general terms, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), we have no such concern here, as He's statement includes more minor details about his claim while omitting the significant "detail" identified by the IJ. Thus, the IJ was not required to credit He's explanation in this case. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005).

Additionally, the IJ found He's demeanor suspect, observing that "[w]henever asked to provide details, the respondent merely reverted back to his earlier statements as though he was attempting to stay within a prescribed script, rather than testify about traumatic and life[-]altering experiences." We accord particular deference to such assessments of an applicant's demeanor. *See id.* at 81 n. 1.

Having called He's testimony into question, the IJ turned to He's documentary submissions but "gave no weight" to them, noting that He failed "to establish a credible chain of custody." This finding was proper, as the weight afforded to the applicant's evidence in immigration proceedings lies largely within the IJ's discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006).

While the IJ's decision is not without error,[3] remand would be futile in this case, because we can confidently predict that the IJ would reach the same conclusion absent the erroneous finding. *See id.* at 338–39. The BIA properly found that the discrepancies the IJ identified go to the heart of He's claim. *See Secaida–Rosales*, 331 F.3d at 307. Moreover, the IJ was entitled to rely on the cumulative effect of these discrepancies, together with his demeanor finding, to support his adverse credibility determination. *See Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 107 (2d Cir.2006). Because He has presented no arguments that would compel a reasonable factfinder to conclude otherwise, we cannot find that the IJ erred in finding that He was not credible. *See* 8 U.S.C. § 1252(b)(4)(B).[4] Because the only evidence of a threat to He's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, for all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

3. We find insufficient support in the record for the IJ's finding that He's testimony was inconsistent with the household registers that he submitted. As He argues, he consistently testified that in December 1995, he was living at his father's home, and that he and his wife were part of his father's household registration until 1998. We do not find that testimony inconsistent with the evidence he submitted.

Accordingly, the IJ's finding was flawed in this respect.

4. Because the adverse credibility determination is dispositive of He's petition, we do not consider his argument that he demonstrated "other resistance" to the coercive population control program.